IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

**BLACK & DECKER (U.S.), Inc.**  *
701 East Joppa Road
Towson, Maryland 21286                        *

     Plaintiff,                            *

v.                                             *     Civil Action No. _____

**SCOTT PULLEN**                              *
4 Pheasant Run,
Clarksburg, New Jersey 08510                  *

                               *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT

Plaintiff, Black & Decker (U.S.), Inc. ("Black & Decker"), by its undersigned attorneys, hereby files suit against defendant, Scott Pullen ("Pullen"), and as its grounds therefore, alleges as follows:

## PARTIES

1. Plaintiff, Black & Decker (U.S.), Inc., is a corporation organized and existing under the laws of the State of Maryland and maintains its principal place of business at 701 East Joppa Road, Towson, Maryland 21286.

2. Defendant, Scott Pullen, resides in the State of New Jersey with last known address of 4 Pheasant Run, Clarksburg, New Jersey, 08510.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties to the action.

4. This Court has personal jurisdiction over the defendant Pullen under the Maryland Long Arm Statute, Md. Cts. & Jud. Proc. Code Ann. § 6-103 (as made applicable to this action pursuant to Rule 4 of the Federal Rules of Civil Procedure) and the Fourteenth Amendment of the United States Constitution. Pullen has also consented to the personal jurisdiction of this Court.

5. Venue in this Court is proper under 28 U.S.C § 1391(a) because the defendant resides in, is found in, transacts and/or is doing business in this judicial district, and the unlawful activities complained of herein have been and are being carried out, in whole or in part, in this judicial district. Pullen has also consented to the venue of this Court.

## FACTUAL BACKGROUND

6. Pullen was the owner of U.S. Patent 5,875,987 and U.S. Reissued Patent No. RE 37,824 E (collectively the 'Pullen Patents") issued by the United States Patent and Trademark Office (the "PTO") for a power operated tape measure.[1] On or about March 15, 2004, Pullen entered into a license agreement with Black & Decker by which Pullen purported to grant Black & Decker "an exclusive, worldwide, irrevocable, sublicensable and assignable license" of the Pullen Patents (the "License Agreement"). A copy of the License Agreement is attached hereto as **Exhibit A**.

7. Under the terms of License Agreement, Black & Decker paid Pullen an initial payment of $2,500 and was thereafter required to pay Pullen royalties based on Black & Decker's sale of "any product manufactured or sold in the United States which without the licensed granted under the Licensing Agreement would infringe or contribute to the infringement of a claim of any of the Pullen Patents." Consistent with the terms of the License Agreement, Black & Decker made the following payments to Pullen: $57,100.80 on November 11, 2004;

---

[1] U.S. Reissued Patent No. RE 37,824 E is a reissue of U.S. Patent No. 5,875,987.

$388,791.93 on January 27, 2005; $20,884.83 on April 12, 2005; $127,667.50 on July 19, 2005; and, $112,579.00 on October 14, 2005. In total, Black & Decker paid Pullen $709,524.06 based upon its belief that: (1) Pullen was the owner of the Pullen Patents; and (2) that Pullen had granted Black & Decker an exclusive license to the Pullen Patents.

8.  Particularly, in Article XII of the License Agreement, Pullen represents and warrants to Black & Decker that "he is the sole and exclusive owner of the Pullen Patents" and that he "has legal power to extend the rights granted to Black & Decker" in the License Agreement." Furthermore, in Article XI, in order to maintain the validity of the Pullen Patents, Pullen agreed to "timely pay all maintenance fees due on the Pullen Patents" at his sole expense.

9.  In November 2005, Black & Decker discovered that Pullen had allowed the Pullen Patents to expire by failing to pay to the PTO the 4th year maintenance fee due on the Pullen Patents. As required under 35 U.S.C. §41(b) the maintenance fee was due no later than March 2, 2003, a period defined by an initial period of three years, six months from the March 2, 1999 issue date of U.S. Patent No. 5,875,987, plus an additional six month grace period. Black & Decker notified Pullen that due to Pullen's inaction, the Pullen Patents had expired and that Black & Decker was, therefore, suspending any further royalty payments under the License Agreement.

10. On or about December 9, 2005, Pullen filed a petition under 37 C.F.R. §1.378(a)(b) with the PTO requesting that the PTO accept a late payment of the 4th year maintenance fee and reinstate the Pullen Patents. On February 15, 2006, the PTO denied Pullen's petition, refusing to accept the late maintenance fee and reinstate the Pullen Patents. On April 17, 2006 Pullen filed a petition under 37 C.F.R. §1.378(e) requesting that the PTO reconsider its denial and refusal and reinstate the Pullen Patents. This petition for reconsideration was denied by

the PTO on December 8, 2006. A copy of the PTO's decision is attached hereto as **Exhibit B**. Under 37 C.F.R Section 1.378(e), the PTO will not undertake any further reconsideration or review of a request to reinstate the Pullen Patents. Accordingly, the Pullen Patents are unenforceable and the rights Pullen purported to grant to Black & Decker under the License Agreement are worthless. By allowing the Pullen Patents to expire, Pullen materially breached the License Agreement.

**COUNT I**
**(Breach of Contract)**

11. Black & Decker hereby incorporates by reference paragraphs 1 through 10 of this Complaint as if fully restated herein.

12. The License Agreement between Pullen and Black & Decker is a valid and enforceable contract by which Pullen agreed to grant Black & Decker "an exclusive, worldwide, irrevocable, sublicensable and assignable license" of the Pullen Patents. Pullen warranted in the License Agreement that "he is the sole and exclusive owner of the Pullen Patents" and "has legal power to extend the rights granted to Black & Decker" in the License Agreement." Furthermore, Pullen agreed to "timely pay all maintenance fees due on the Pullen Patents" at his sole expense.

13. In return for the rights purportedly granted to Black & Decker by Pullen under the License Agreement, Black & Decker paid Pullen fees and royalties totaling $709,524.06. At all pertinent times, Black & Decker performed all of its obligations under the License Agreement.

14. By failing to pay the requisite maintenance fee to the PTO and allowing the Pullen Patents to expire, Pullen breached the License Agreement since he was not "the sole and exclusive owner of the Pullen Patents" and did not "have legal power to extend the rights granted to Black & Decker" in the License Agreement. Pullen also materially breached the License

Agreement by failing to comply with his explicit obligation to "timely pay all maintenance fees due on the Pullen Patents" as required under Article XI of the License Agreement.

15.    As a direct consequence of Pullen's material breaches of the License Agreement, Black & Decker has suffered damages, including but not limited to the $709,524.06 it has paid Pullen pursuant to the License Agreement.

WHEREFORE, Plaintiff, Black & Decker, respectfully requests that this Court enter a judgment against Defendant, Scott Pullen, and:

A.    Award Black & Decker damages in the amount of $709,524.06, plus attorneys' fees, costs, and post-judgment interest;

B.    Award Black & Decker any additional damages in amounts yet to be determined; and

C.    Grant such other and further relief as may be required.

### Count II
### (Unjust Enrichment)

16.    The allegations of paragraphs 1 through 15 are repeated and realleged and incorporated herein as if fully set forth.

17.    In return for "an exclusive, worldwide, irrevocable, sublicensable and assignable license" of the Pullen Patents, Black & Decker paid Pullen fees and royalties totaling $709,524.06 pursuant to the License Agreement.

18.    Black & Decker made these payments based upon Pullen's representations that he: (1) was "the sole and exclusive owner of the Pullen Patents;" (2) had "legal power to extend the rights granted to Black & Decker" in the License Agreement; and (3) would "timely pay all maintenance fees due on the Pullen Patents."

19.    Contrary to these representations and obligations, Pullen allowed the Pullen

Patents to expire by failing to pay the 4th year maintenance fee on the Pullen Patents to the PTO. Because Pullen had allowed the Pullen Patents to expire, Pullen was unable to grant Black & Decker "an exclusive, worldwide, irrevocable, sublicensable and assignable license" of the Pullen Patents and his retention of the $709,524.06 in fees and royalties under the License Agreement is wrongful.

20. The payment of $709,524.06 in fees and royalties by Black & Decker to Pullen conferred a real and definite benefit upon Pullen, which has been appreciated and retained by Pullen.

21. Since Pullen was not the sole and exclusive owner of the Pullen Patents and did not have the legal power to grant an exclusive license of the Pullen Patents to Black & Decker, Pullen's retention of the $709,524.06 in royalties paid to him by Black & Decker will be inequitable and improper. Pullen will be unjustly enriched if he be permitted to retain the $709,524.06 in fees and royalties paid to him by Black & Decker under the License Agreement.

WHEREFORE, Plaintiff, Black & Decker, respectfully requests that this Court enter a judgment for unjust enrichment against Defendant, Scott Pullen, and:

A. Award Black & Decker damages in the amount of $709,524.06, plus attorneys' fees, costs, and post-judgment interest;

B. Award Black & Decker any additional damages in amounts yet to be determined; and

C. Grant such other and further relief as may be required.

Respectfully submitted

_____
John E. McCann, Jr. (Bar No: 10028)
John R. Fischel (Bar No: 25690)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD  21202
(410) 727-6464

*Attorneys for Plaintiff,
Black & Decker (U.S.), Inc.*